**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**GRACE WYNTER,** on behalf of herself and all others similarly situated,
C/O BILLE PLLC
1601 Connecticut Ave., Ste. 800
Washington, D.C. 20009

Plaintiff,

v.

**BERNSTEIN MANAGEMENT CORPORATION**
4800 Hampden Lane, Suite 1200
Bethesda, MD 20814

Defendant.

Civil Action No.:

**DEFENDANT BERNSTEIN MANAGEMENT CORPORATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Bernstein Management Corporation ("Bernstein") hereby files this Notice of Removal from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. In support of this Notice of Removal, Bernstein states as follows:

**STATEMENT OF THE CASE**

1. On December 10, 2025, Plaintiff Grace Wynter ("Plaintiff") filed a complaint (the "Complaint") that commenced this civil action, individually and purportedly on behalf of all others similarly situated, in the Superior Court of the District of Columbia, captioned *Grace Wynter v. Bernstein Management Corporation* (Case No. 2025-CAB-008114). Plaintiff alleges that Bernstein violated the District of Columbia Consumer Protection Procedures Act ("CPPA") by including certain provisions in its residential lease agreements with Plaintiff and similarly situated

tenants. Bernstein denies any liability, contends that Plaintiff and all class members did not suffer damages as alleged in the Complaint, and asserts that no class should be certified.

**REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**

2. This action is properly removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because: (i) it is a purported class action; (ii) the putative class exceeds 100 individuals; (iii) minimal diversity is met under CAFA; (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs; and (v) none of the exceptions to removal under CAFA apply.

3. The case is a purported class action. Compl. ¶ 39.

4. Plaintiff's purported class action is brought on behalf of tenants of thirty-three different apartment buildings identified in the Complaint—specifically, 1600 Pennsylvania SE, 1630 Park, 1633 Q, 2100 Connecticut, 2231 Ontario, 2255 Wisconsin, 4115 Wisconsin, Cathedral Mansions, Connecticut Gardens, Highview, Castle Manor, Idaho Terrace, Kalorama Park, Kew Gardens, Legation House, Lex and Leo at Waterfront Station, Park Crest, Park Place at Petworth, President Madison, The Argonne, The August, The Belvedere, The Chalfonte, The Diplomat, The Livingston, The Melwood, The Palisades, The Paramount, The Shay, The York, Potomac Park, Valo, and West End Residences (collectively, the "Properties")—alleging two subclasses: (i) a Fee-Shifting Term Class and (ii) an Indemnification Term Class. *Id.* at ¶¶ 6, 40.

5. The Complaint alleges that "the Classes consist of thousands of members." *Id.* at ¶ 43. Plaintiff further alleges that there are approximately 3,400 rental units located collectively at the Properties. *Id.* at ¶ 6. Plaintiff seeks to represent, among others, a class of "[a]ll current and former District of Columbia lessees to a residential lease agreement" with Bernstein containing a fee-shifting or indemnification provision within the three years before Plaintiff filed the

Complaint. *Id.* at ¶ 40. Based on these allegations, the putative class necessarily consists of thousands of current and former tenants at the Properties.

6. CAFA eliminates the requirement of complete diversity and requires only "minimal diversity," which is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant," "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," or "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2). Here, Bernstein is a District of Columbia corporation with its principal place of business in Maryland and is therefore a citizen of the District of Columbia and Maryland. 28 U.S.C. § 1332(c)(1). Plaintiff's proposed class includes former tenants of the Properties who are no longer citizens of either the District of Columbia or Maryland. Compl. ¶ 40. Accordingly, CAFA's minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2).

7. The amount in controversy exceeds $5,000,000, exclusive of interest and costs, although Bernstein denies that it is liable or that Plaintiff or any putative class member is entitled to any relief by reason of the allegations set forth in the Complaint. Plaintiff seeks: (i) injunctive relief; (ii) statutory damages of $1,500 per violation; (iii) punitive damages; and (iv) attorneys' fees and costs for all current and former tenants of the Properties within three years prior to December 2025. Compl. at Demand For Relief. Plaintiff's Complaint alleges multiple statutory violations across each of 3,400 units at the Properties, easily satisfying the $5,000,000 threshold established by CAFA. Accordingly, the jurisdictional minimum under 28 U.S.C. § 1332(d)(2) is satisfied.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

8. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1), as it is filed within 30 days of January 10, 2026, when Bernstein was served with the Complaint and Summons.

9. Bernstein files herewith true and correct copies of the state court filings it has obtained, including copies of all processes, pleadings, and orders: Exhibit A (Class Action Complaint); Exhibit B (Information Sheet); Exhibit C (Summons); Exhibit D (Initial Hearing Notice); Exhibit E (Praecipe); and Exhibit F (Civil Cover Sheet).

10. Contemporaneously with this filing, pursuant to 28 U.S.C. § 1446(d), Bernstein is filing with the clerk of the Superior Court of the District of Columbia and serving upon Plaintiff a notice of the filing of this Notice of Removal.

11. Bernstein has complied with 28 U.S.C. § 1446(b)(2)(A) insofar as there are no other defendants that must join in or consent to removal.

12. No previous application has been made for the relief requested herein.

13. A copy of the civil cover sheet is attached hereto.

14. Bernstein reserves the right to amend or supplement this Notice of Removal. By filing this Notice of Removal, Bernstein does not waive any defenses that may be available to it and does not concede that the allegations in the Complaint state a valid claim for relief under any applicable law.

## CONCLUSION

Based on the foregoing, Bernstein Management Corporation removes the underlying District of Columbia Superior Court action to this Court.

Dated: February 6, 2026

*/s/ Benjamin E. Horowitz*
**VENABLE LLP**
Benjamin E. Horowitz (Bar No. 1017262)
Brian D. Koosed (Bar No. 1034733)
600 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 344-4494 (Tel.)
(202) 344-8300 (Fax)
BEHorowitz@Venable.com
BDKoosed@Venable.com

*Attorneys for Defendant*
*Bernstein Management Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of February 2026, a true and correct copy of the foregoing has been filed and served via the Court's electronic filing system and will be served upon counsel for the plaintiff via first-class mail, sufficient postage prepaid, and personal service and email to:

E. Vanessa Assae-Bille [Bar No. 1614715]
**BILLE PLLC**
1800 M St., NW, FRNT 1, No. 33261
Washington, DC 20033
(202) 810-1270 (Tel.)
vanessa@billelaw.com

Randolph T. Chen [Bar No. 1032644]
Jason S. Rathod [Bar No. 1000882]
**MIGLIACCIO & RATHOD LLP**
412 H St., NE, Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
rchen@classlawdc.com

*Attorneys for Plaintiff*

*/s/ Benjamin E. Horowitz*
Benjamin E. Horowitz