**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GRACE WYNTER,

     *Plaintiff,*

     v.

BERNSTEIN MANAGEMENT
CORPORATION,

     *Defendant*.

Civil Action No. 26-00354 (AHA)

**<u>Memorandum Opinion</u>**

Grace Wynter sues her landlord Bernstein Management Corporation ("BMC"), alleging that lease terms requiring her to pay BMC's attorney's fees and court costs if they end up having a legal dispute violates the D.C. Consumer Protection Procedures Act ("CPPA"). BMC moves to dismiss the complaint, arguing that the existence of the lease terms alone does not create an Article III injury and Wynter therefore lacks standing to sue in this court. The court agrees and remands the case.

**I.      Background[1]**

In 2024, Wynter signed an apartment lease with BMC, which manages buildings across D.C. ECF No. 1-1 ¶¶ 6, 13. The lease has a term saying, "Tenant is liable for all attorneys' fees incurred by Landlord in enforcing this Lease," and an addendum saying that if "it becomes necessary for Landlord to take legal action against Tenant . . . Tenant agrees to pay any court costs

---

[1]   As required at the pleading stage, the court accepts the complaint's well-pled factual allegations and draws all reasonable inferences in Wynter's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

incurred by Landlord and all reasonable attorney's fees." *Id.* ¶¶ 17–18. The addendum also allows BMC to keep and apply the security deposit to "any outstanding late fees, attorney's fees and court costs as a court or tribunal of competent jurisdiction may award." *Id.* ¶ 19.

Wynter sued in D.C. Superior Court, asserting that her lease violates the CPPA. *See id.* ¶ 51. In particular, she alleges these lease terms violate a D.C. law that prohibits property owners and their agents from "requiring that the tenant pay the owner's court costs or legal fees" in a lease. *Id.* ¶¶ 21–22 (quoting D.C. Mun. Regs. tit. 14, § 304.4). According to Wynter, BMC has therefore engaged in a trade practice "in violation of a law of the District" and unlawfully "represent[ed] that a transaction confers or involves rights, remedies, or obligations . . . which are prohibited by law." *Id.* ¶¶ 23–29, 51 (quoting D.C. Code §§ 28-3904(e-1), 28-3905(k)(1)(A)). She sues on behalf of a putative class of tenants who signed similar leases with BMC. *Id.* ¶ 40.

BMC removed the case to this court and now moves to dismiss, arguing that Wynter lacks Article III standing, that this court therefore lacks subject matter jurisdiction, and that the complaint fails to state a claim. ECF Nos. 1, 3.[2]

## II.    Discussion

To survive dismissal under Rule 12(b)(1), a plaintiff must show that the court has subject-matter jurisdiction to hear their claim. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). That includes pleading facts that demonstrate the plaintiff has standing to bring the asserted claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "Setting 'mere conclusory statements' aside, the complaint must contain 'sufficient factual matter, accepted as true,' to

---

[2]    The complaint also challenged lease terms requiring Wynter to indemnify BMC for claims and damages arising from injuries that occur on the premises. *See* ECF No. 1-1 ¶¶ 30–38, 51. But Wynter has since "elected not to pursue" that claim. ECF No. 11 at 4 n.2.

support an inference of standing 'that is plausible on its face.'" *Air Excursions LLC v. Yellen*, 66 F.4th 272, 277 (D.C. Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

BMC argues Wynter lacks standing to bring her claim because she has not plausibly alleged an injury in fact. ECF No. 3-1 at 6–8. "To establish Article III standing, the plaintiff must have 'suffered an injury in fact' that 'is fairly traceable to the challenged action of the defendant' and it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Banner Health v. Price*, 867 F.3d 1323, 1333–34 (D.C. Cir. 2017) (quoting *Friends of the Earth v. Laidlaw Env't Servs.*, 528 U.S. 167, 180–81 (2000)). An injury must be "concrete and particularized" and "actual or imminent." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Lujan*, 504 U.S. at 560). To be "concrete," an injury must be "real" rather than "abstract"—that is, "it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). And "standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341; *see Hancock v. Urb. Outfitters, Inc.*, 830 F.3d 511, 512–14 (D.C. Cir. 2016) (holding that plaintiffs failed to allege a concrete injury and therefore lacked standing to bring CPPA claim). So a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm." *Spokeo*, 578 U.S. at 341.

Wynter has not plausibly alleged any concrete injury from the existence of lease terms that make her responsible for BMC's attorney's fees and court costs if they have a legal dispute. Wynter alleges that BMC "subjects" her to fee-shifting lease terms that are unlawful under the CPPA. *See* ECF No. 1-1 ¶¶ 16–29. According to Wynter, the lease terms are "unfair, misleading, and deceptive," but labels aside, she does not allege any injury that flows from the unfair, misleading, or deceptive terms. *Id.* ¶ 41; *see Pope v. Yazam, Inc.*, No. 24-cv-03540, 2026 WL 877484, at *3 (D.D.C. Mar. 31, 2026) (rejecting plaintiffs' argument that being misled is a cognizable injury to

3

support standing to bring a CPPA claim). She does not allege, for example, that BMC has tried to enforce the challenged terms against her, possibly exposing her to expenses, or any facts from which the court could plausibly infer that BMC is likely to do so in the future. Wynter therefore alleges "only a bare violation of the requirements of D.C. law." *Hancock*, 830 F.3d at 514.

Wynter argues that her claim has "a close analogue to historical suits in equity that sought redress for contractual injuries." ECF No. 11 at 6. It's true that assessing whether an injury is concrete includes assessing whether "the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021) (quoting *Spokeo*, 578 U.S. at 340–41). And contractual injuries, such as a breach of contract, can satisfy that standard. *See Attias v. CareFirst, Inc.*, 346 F.R.D. 1, 7, 10–11 (D.D.C. 2024) (holding that putative class members had standing to pursue their breach of contract claim because "a breach of contract is itself a concrete injury" and "parties long have been able to sue in Anglo-American courts based on an alleged contractual breach, regardless of whether they have suffered actual damages as a result"). But Wynter has not alleged any breach or other contractual injury, only the mere existence of fee-shifting terms in her lease. Wynter therefore lacks standing to bring her claim in this court.[3]

---

[3]    Wynter also argues that the challenged lease terms have a "coercive" effect because they expose her to potential monetary liability, citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). ECF No. 11 at 5–6. But *MedImmune* does not stand for that proposition. There, the Supreme Court held the petitioner had standing before any breach of the parties' license agreement because the petitioner's "self-avoidance of imminent injury" by making royalty payments was "coerced by threatened enforcement action"—as reflected in a letter from the respondent that the petitioner viewed as a "clear threat" to bring a potential patent infringement action that could expose the petitioner to treble damages, attorney's fees, and an injunction barring the sale of a product accounting for over 80 percent of its revenue. *MedImmune*, 549 U.S. at 121–22, 130, 137. Here, Wynter has not alleged that BMC has invoked the fee-shifting terms to require payment

Wynter correctly observes that when "a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *see* ECF No. 11 at 9; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The court therefore remands this case to D.C. Superior Court.[4]

## III.    Conclusion

For these reasons, BMC's motion to dismiss is granted insofar as it argues this court lacks subject matter jurisdiction and denied insofar as it seeks dismissal. This case is remanded to D.C. Superior Court for all further proceedings. A separate order accompanies this memorandum opinion.

_____

AMIR H. ALI
United States District Judge

Date:    July 1, 2026

_____

from her, let alone that BMC has coerced payment with the threat of enforcement action. *See* ECF No. 1-1. Wynter therefore does not face the "dilemma" faced in *MedImmune* of whether to pay or risk enforcement action. *MedImmune*, 549 U.S. at 129.

[4]    Wynter argues that if the court remands the case, it should award her attorney's fees because she filed this case in D.C. Superior Court and BMC removed it to federal court, only to then promptly seek dismissal for lack of standing. ECF No. 11 at 10; *see also* 28 U.S.C. § 1447(c) (authorizing "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when a case is remanded). But the court cannot find BMC had no reasonable basis for removal simply because it asked the court to resolve whether Wynter has standing to pursue her claims. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (declining to award attorney's fees where the defendant moved to dismiss for lack of standing after removing the case to federal court).